United States District Court
Southern District of Texas
**ENTERED**
May 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD MCGAUGHEY, | § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00252 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Ronald McGaughey is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Lewis Unit in Woodville, Texas. Proceeding *pro se*, McGaughey filed an original *habeas corpus* petition pursuant to 28 U.S.C. § 2254 on October 22, 2021.[1] (D.E. 1). Liberally construed, McGaughey raises two claims regarding violations of his Fifth, Sixth, and Fourteenth Amendment rights during his state proceedings.[2] Respondent filed a motion for summary judgment contending that the § 2254 petition is untimely, to which McGaughey has not responded. (D.E. 18). As discussed more fully below, it is respectfully recommended that Respondent's motion for

---

[1] McGaughey stated under penalty of perjury that he placed his petition in the prison mail system on October 22, 2021, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

[2] McGaughey also indicates that he seeks compensation for false imprisonment. (D.E. 1 at 8). However, claims for monetary compensation are not actionable in a habeas proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

summary judgment (D.E. 18) be granted and McGaughey's *habeas corpus* petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

## I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because McGaughey was convicted in Kleberg County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. Petition and Claims

In his petition, McGaughey first contends that the trial court did not allow counsel to confer with him on two court dates. (D.E. 1 at 6). Second, McGaughey contends that his counsel was unaware that he had a psychiatric report showing that he had bipolar disorder. (*Id.*). McGaughey also submitted several medical records regarding care he has received in prison. (D.E. 5, 6).

### b. State Court Records

In June 2016, McGaughey was charged in an indictment as a habitual felony offender with one count of exploiting the elderly or disabled, in violation of Tex. Penal Code §§ 32.53, 42.12, and one count of impersonating a public servant, in violation of Tex. Penal Code §§ 37.11, 42.12. (D.E. 16-11 at 5-7). McGaughey pleaded guilty to both counts on September 29, 2017. (*Id.* at 24-25, 29-30). On the same day, the trial court entered an Order of Deferred Adjudication and placed McGaughey on community

supervision for eight years.  (*Id.* at 94-95).  McGaughey acknowledged the conditions of his community supervision.  (*Id.* at 98-101).

In January 2018, the state moved to revoke McGaughey's community supervision due to various violations of his conditions.  (*Id.* at 103-05).  On February 16, 2018, following a hearing, the trial court revoked McGaughey's community supervision and sentenced him to 25 years' imprisonment.  (*Id.* at 115-16; D.E. 16-13).

McGaughey next filed a direct appeal challenging the sufficiency of the evidence and the reasonableness of the sentence, but the Thirteenth District Court of Appeals of Texas affirmed his conviction and sentence on August 8, 2019.  (D.E. 16-1 at 1-6). McGaughey subsequently filed a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals ("TCCA").  (D.E. 16-9).  The TCCA refused the PDR on October 2, 2019.  (D.E. 16-8 at 1).

On October 14, 2019, McGaughey filed his first application for a writ of *habeas corpus* under Article 11.07 of the Texas Code of Criminal Procedure.  (D.E. 16-17 at 133-50).  McGaughey raised claims regarding trial court error during the revocation proceedings.  (*Id.* at 138-42).  The trial court concluded that McGaughey's claims were not cognizable and/or failed on the merits.  (*Id.* at 157-60).  Accordingly, the trial court recommended that the application be denied.  (*Id.*).  On October 21, 2020, rather than following the trial court's recommendation, the TCCA dismissed the Article 11.07 application without written order as noncompliant under Texas Rule of Appellate Procedure 73.2.  (D.E. 16-14 at 1).

### III. DISCUSSION

In the motion for summary judgment, Respondent contends that McGaughey's claims are barred by the statute of limitations. (D.E. 22 at 9-11). Specifically, Respondent argues that the judgment became final when McGaughey's time for filing a petition for certiorari with the Supreme Court expired, which was 90 days after the TCCA denied his PDR on October 2, 2019. (*Id.* at 9). Accordingly, Respondent contends that, absent tolling, he was required to file his § 2254 petition by December 31, 2020. (*Id.* at 9-10). Respondent asserts that McGaughey is not entitled to statutory tolling because his state application for *habeas corpus* was dismissed as noncompliant with state procedural requirements. (*Id.* at 10). Thus, Respondent argues that the limitation period ended on December 31, 2020, and McGaughey's § 2254 was not filed until October 22, 2021. (*Id.*). Moreover, Respondent argues that McGaughey is not entitled to equitable tolling because he has not shown either rare and exceptional circumstances for his delay or that he was acting diligently. (*Id.* at 12-14). Finally, Respondent argues that McGaughey's claims are also unexhausted because he has not filed an Article 11.07 application that is compliant with state procedural rules. (*Id.* at 14-16).

McGaughey has not responded.

A one-year limitation period applies to an application for a writ of *habeas corpus* filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

4

such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1).

A petition for discretionary review to the Texas Court of Criminal Appeals must be filed within 30 days after either the day the court of appeals rendered judgment or the day the last timely motion for rehearing or *en banc* reconsideration was overruled. Tex. R. App. Proc. 68.2(a). Where a petitioner has sought review by the state's highest court, a conviction becomes final 90 days after his claim is rejected, when the time to file a petition for a writ of certiorari with the Supreme Court has expired. *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). However, petitions dismissed for failure to follow state procedural requirements are not properly filed and do not toll the limitation period. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009). Texas Rule of Appellate Procedure 73.1 lays out the procedural rules for filing an Article 11.07 application, and Rule 73.2 provides that the TCCA may dismiss an application for failure to follow the rules. Tex. R. App. P. 73.1, 73.2.

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he

can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, McGaughey's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling. Following the denial of his PDR on October 2, 2019, he had 90 days to file a petition for certiorari with the Supreme Court, and his conviction became final when that deadline expired. *Roberts*, 319 F.3d at 693-95. Thus, McGaughey's conviction became final on December 31, 2019, and, absent statutory or equitable tolling, the deadline to file his § 2254 expired on December 31, 2020. McGaughey has not asserted that any of the other potential start dates for the statute of limitations under § 2244(d)(1) apply, nor do any of them appear to apply based on the claims in the petition.

As to statutory tolling, McGaughey filed an Article 11.07 application on October 14, 2019, which was within 90 days after the denial of his PDR. (D.E. 16-17 at 150). However, the TCCA dismissed this application as noncompliant with state procedural

6

requirements, and it therefore did not toll the limitation period. (D.E. 16-14 at 1); *Wion*, 567 F.3d at 148. Thus, McGaughey's deadline to file his § 2254 petition remained December 31, 2020. He did not file his petition until October 22, 2021, which was over nine months too late. (D.E. 1 at 11). Finally, McGaughey has not established that he is entitled to equitable tolling because he has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier. *Holland*, 560 U.S. at 649. To the extent that McGaughey argues that he is proceeding *pro se* and did not know about the required process, ignorance of the law does not generally excuse prompt filing, even for a *pro se* prisoner. *Felder*, 204 F.3d at 172.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a *habeas corpus* proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although McGaughey has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial

7

of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that McGaughey's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 18) be GRANTED. McGaughey's § 2254 petition should be DISMISSED as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted on May 4, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).